**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

HARRY EUBANKS,

    Plaintiff,

v.                                      Case No: 5:22-cv-411-JSM-PRL

EROL E. HALL and HIRSCHBACK
MOTOR LINES, INC.,

    Defendants.

## ORDER

This cause comes before the Court upon Plaintiff's Motion to Remand (Dkt. 7) and Defendants' Response in Opposition (Dkt. 8). The Court, upon review of the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied because the "other paper" Defendants relied upon to support the removal unambiguously establishes the amount in controversy.

## BACKGROUND

Plaintiff Harry Eubanks commenced this action in the Fifth Judicial Circuit Court, in and for, Sumter County, Florida, on or about May 18, 2022, alleging negligence claims against Defendant Erol E. Hall and Hirschback Motor Lines, Inc. related to an automobile accident. The complaint alleges that Plaintiff's damages exceed $30,000. The complaint is otherwise silent on the amount of Plaintiff's damages.

Defendants did not remove the action initially, i.e., within thirty days of service of the complaint. On August 19, 2022, Plaintiff served his answers to Request for

Admissions. Plaintiff admitted, in relevant part, that his damages exceed $75,000.00. (Dkt. 8-4). Defendants removed the case on September 13, 2022, within thirty days of receiving Plaintiff's answers to the Request for Admissions, which admitted the amount in controversy requirement.

Now, Plaintiff moves to remand. Plaintiff's only argument is that the Court cannot consider his responses to the Request for Admissions to determine the amount in controversy requirement.

## . **DISCUSSION**

Where the alleged basis for federal jurisdiction is diversity, the removing defendant has the burden of demonstrating (1) complete diversity of citizenship and (2) an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a); *see McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 179, 189 (1936) (holding that the party who seeks federal jurisdiction must establish jurisdictional facts). The defendant must prove these jurisdictional facts by a preponderance of the evidence. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citation omitted). Thus, the defendant must prove only that the amount in controversy "more likely than not" exceeds the jurisdictional amount. *Id.* It need not prove the amount in controversy "beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).

When a defendant seeks to remove the case to federal court within the first thirty days of service, it is not limited in the types of evidence it can use to establish the amount in controversy. *Pretka*, 608 F.3d at 767. For example, a defendant can provide an affidavit, declaration, or other documentation. *Id.* at 755. However, a different standard

applies to removals when an action is removed thirty days after receipt of a paper from which it may be first ascertained that the case is removable.

Under § 1446(b)(3), *Lowery* applies, which requires courts to consider "whether the pleadings or 'other paper' included with the notice of removal provide *an unambiguous statement that clearly establishes federal jurisdiction.*"  See *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007) (emphasis added).  Since *Pretka*, the Eleventh Circuit has repeatedly and clearly applied this distinction in the removal standards based upon the timing of the removal.  See *Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1204 n.2 (11th Cir. 2011); *Roe*, 613 F.3d at 1061 nn.3–4.

Here, Plaintiff's motion to remand is without merit.  It is axiomatic that Plaintiff's responses to Request for Admissions may be considered an "other paper" for removal purposes—indeed, this Court has said so in many cases.  See, e.g., *Lasarso v. Best Buy Stores, L.P.*, No. 808-CV-1420-T-30TGW, 2008 WL 3254210, at *2 (M.D. Fla. Aug. 7, 2008); *Sibilia v. Makita Corp.,* 782 F. Supp. 2d 1329, 1330 (M.D. Fla. 2010); see also *Jennings v. Powermatic*, No. 3:14-CV-250-J-32JRK, 2014 WL 2003116, at *3 (M.D. Fla. May 15, 2014) (holding that response to a request for admission that admitted plaintiff's damages exceeded $75,000 was an "other paper" for removal purposes).

Simply put, Plaintiff admitted his damages exceed $75,000 in an other paper.  This admission clearly establishes federal jurisdiction.  Accordingly, the removal, which occurred within thirty days of receiving this other paper, was procedurally and substantively appropriate.

It is therefore ORDERED and ADJUDGED that:

1. Plaintiff's Motion to Remand (Dkt. 7) is denied.

**DONE** and **ORDERED** in Tampa, Florida, this October 6, 2022.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record