UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**HARRY EUBANKS,**

    **Plaintiff,**

v.                                                                                   Case No: 5:22-cv-411-JSM-PRL

**HIRSCHBACH MOTOR LINES and
EROL HALL,**

    **Defendants.**

### ORDER

On December 19, 2022, the Court granted Defendants' motion to compel Plaintiff's production of Rule 26 initial disclosures and directed Plaintiff to show cause why sanctions should not be imposed. (Doc. 13). Upon receiving the Court's Order, Plaintiff served his initial disclosures. (*See* Doc. 14). Plaintiff's counsel, Ryan Christopher Rodems, Esq., explained that he had no justifiable excuse for his failure to timely serve the disclosures, simply noting his busy trial schedule and the inadvertent deletion of the deadline from his calendar. Under these circumstances, an award against Plaintiff and his counsel is mandated by Rule 37(a)(5)(A).[1]

Where, as here, the motion to compel is granted, and is caused by the failure of a party to provide discovery, the Court is required to award the fees and expenses incurred in filing

---

[1] *See* Fed. R. Civ. P. 37(a)(5)(A) (If [a motion to compel discovery] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must* . . . require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees . . . ." (emphasis added).

the motion, unless the Court determines that: (1) the motion was filed without the moving party having made a good faith effort to obtain the discovery without court action; (2) the failure to provide the discovery was substantially justified; or (3) other circumstances make an award of expenses unjust. Fed.R.Civ.P. 37(a)(5)(A). None of these exceptions are presented here. As set forth in Defendants' motion (and not disputed by Plaintiff), Plaintiff's initial disclosures were due by October 31, 2022. Plaintiff did not comply with this deadline. Accordingly, on November 21, 2022, defense counsel conducted a good faith conference with Plaintiff's counsel, during with Plaintiff's counsel agreed to produce the initial disclosures within two weeks, by December 5, 2022. Plaintiff did not meet this deadline. Attorney Rodems concedes that he has no justifiable excuse for his failure to timely serve Plaintiff's initial disclosures.

Accordingly, Defendants are entitled to reimbursement from Plaintiff and Attorney Rodems for the fees and expenses incurred in preparing and filing the motion to compel. Within **ten (10) days** of this Order, Defendants shall submit an affidavit detailing the reasonable expenses and fees incurred in preparing and filing the motion. To the extent that Plaintiff and Attorney Rodems object to the amount of expenses and fees claimed, they shall file a response within **ten (10) days** of service of the affidavit. Upon receipt of the affidavit and any objections, the Court will enter an appropriate award or, if necessary, set the matter for an evidentiary hearing. If the parties reach an agreement on the amount of expenses and fees, they shall so advise the Court.

**DONE** and **ORDERED** in Ocala, Florida on January 5, 2023.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties